UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| SCOTT TUBIAK and EDWARD CUELLO, on behalf of themselves and all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>THE NIELSEN COMPANY (US), LLC, and NIELSEN HOLDINGS N.V.,<br><br>Defendants. | **COMPLAINT FOR VIOLATION OF FAIR LABOR STANDARDS ACT**<br><br>**JURY TRIAL DEMANDED** |

**COLLECTIVE ACTION COMPLAINT**

Plaintiffs, SCOTT TUBIAK and EDWARD CUELLO, and the other persons similarly situated to them who join this action as Opt-In Plaintiffs, individually and on behalf of all others similarly situated, by their attorneys Gardy & Notis, LLP and the Law Office of Keith M. Stern, P.A., bring this action against Defendants, THE NIELSEN COMPANY (US), LLC, and NIELSEN HOLDINGS N.V. (collectively "NIELSEN" or "Defendants") for violations of the Fair Labor Standards Act, 29 U.S.C. §201 *et. seq.* ("FLSA"), and allege:

**PRELIMINARY STATEMENT**

1. Plaintiffs are current and/or former employees of Defendants who were employed by Defendants throughout the United States in the position known as Field Trainer or Market Quality Specialist (collectively "Plaintiffs"). Plaintiffs bring this action seeking overtime wages and relief under the FLSA for work in excess of Forty (40) hours during one or more work weeks since July 2012 for which they did not receive proper overtime pay for all of their actual overtime hours as a result of Defendants' nationwide policy and/or practice of: (a) deducting the (i) first thirty (30) minutes and (ii) last thirty

1

(30) minutes of Plaintiffs' daily drive times despite Plaintiffs carrying out duties for Defendants throughout these time periods; (b) failing to compensate Plaintiffs for work performed for Defendants before the first and/or after the last customer visit of each day, including work frequently performed at Plaintiffs' homes, and/or during purported meal break periods.

## THE PARTIES

2.  In one or more work weeks during the three (3) year statute of limitations period, Plaintiffs worked for Defendants in the non-exempt position known as Field Trainer or Market Quality Specialist (hereinafter referred to as "Field Trainer") at multiple locations in different States throughout the United States.

3.  More specifically, during one or more work weeks within the statute of limitations period between July 2012 and February 2014, Plaintiff CUELLO performed work as a Field Trainer for Defendants at customers' homes in approximately Eleven (11) or more States including in: Maryland, Massachusetts, Rhode Island, Vermont, Connecticut, New Hampshire, New Jersey, New York, Pennsylvania, and Maine.

4.  Plaintiff CUELLO's most recent regular hourly rate as a Field Trainer for Defendants was approximately $26.20/hour. Like Defendants' other Field Trainers, Plaintiff CUELLO regularly performed work for Defendants from his home, where he began and ended his day, including performing ministerial administrative and other tasks that were an essential part of his employment as a Field Trainer each day before and after working in the field for Defendants at customers' homes. However, until approximately February 2014 when Defendants changed their nationwide "First and Last Drive Time or Transportation" policy that applied to all Field Trainers across the United States,

Defendants regularly deducted up to sixty (60) minutes per day from Plaintiff CUELLO's actual hours worked for the first and last drive times of the day despite Plaintiff CUELLO performing duties for Defendants that were compensable under the FLSA, as a result of which Plaintiff CUELLO was not paid for all of his actual overtime hours worked for Defendants.

5.   Likewise, during one or more work weeks within the statute of limitations period between July 2012 and August 2013, Plaintiff TUBIAK performed work as a Field Trainer for Defendants at customers' homes in the State of Georgia.

6.   Plaintiff TUBIAK's most recent hourly rate as a Field Trainer for Defendants was approximately $23.00/hour. Like Defendants' other Field Trainers, Plaintiff TUBIAK regularly performed work for Defendants from his home, where he began and ended his day, including performing ministerial administrative and other tasks that were an essential part of his employment as a Field Trainer each day before and after working in the field for Defendants at customers' homes. However, on a continuing and basis between July 2012 and August 2013, Defendants regularly deducted up to sixty (60) minutes per day from Plaintiff TUBIAKS's actual hours worked for the first and last drive times of the day despite Plaintiff TUBIAK performing duties for Defendants that were compensable under the FLSA, as a result of which Plaintiff CUELLO was not paid for all of his actual overtime hours worked for Defendants.

7.   Defendants, THE NIELSEN COMPANY (US), LLC, a Delaware Limited Liability Company, and NIELSEN HOLDINGS N.V., a Netherlands Corporation, have at all times material to this Complaint owned and/or operated a business that, *inter alia*, tracks the television and media-viewing habits of individual homes across the United

States and utilized Field Trainers at locations in different States across the country including in New York within the jurisdiction of this Court. It is the intent of this collective action to apply to all Field Trainers employed by Defendants since July 2012 throughout the United States regardless of location.

8. This action is brought to recover from Defendants unpaid overtime wages, and other relief under the provisions of the FLSA, 29 U.S.C. §216(b).

9. Jurisdiction is conferred on this Court by 28 U.S.C. §1331 and by 29 U.S.C. §216(b). Venue in this District is proper pursuant to 28 U.S.C. §1391 because Defendants reside in this District and because Defendants employed Field Trainers in this District.

10. At all times material to this Complaint, NIELSEN has had two (2) or more employees who have regularly sold, handled, or otherwise worked on goods and/or materials that had been moved in or produced for commerce.

11. Based upon information and belief, the annual gross sales volume of NIELSEN has been in excess of $500,000.00 per annum at all times material hereto.

12. At all times material to this Complaint, NIELSEN has constituted an enterprise engaged in interstate commerce or in the production of goods for commerce as defined by the FLSA, 29 U.S.C. §203(s).

## COMMON FACTUAL ALLEGATIONS

13. During their employment with NIELSEN within the three (3) year statute of limitations period, Named Plaintiffs and the other similarly situated Field Trainers employed by Defendants were entitled to be paid overtime wages as required by the FLSA for each and every hour they worked for Defendants in excess of Forty (40) hours per week.

14. Named Plaintiffs and the other similarly situated Field Trainers employed by Defendants regularly worked in excess of Forty (40) hours per week in multiple work weeks during their employment with NIELSEN within the three (3) year statute of limitations period.

15. However, NIELSEN did not pay time and one-half wages for the full extent of the actual overtime hours worked by Plaintiffs in one or more work weeks since July 2012 as a result of Defendants' policy and/or practice of: (a) deducting the (i) first thirty (30) minutes and (ii) last thirty (30) minutes of "Field Trainers'" daily drive times despite Plaintiffs carrying out duties for Defendants throughout these time periods; and (b) failing to compensate Plaintiffs for work performed for Defendants before the first and/or after the last customer visit of each day, including work frequently performed at Plaintiffs' homes, and/or during purported meal break periods.

16. Based upon information and belief, although Plaintiffs performed work for the benefit of Defendants during periods that NIELSEN classified as meal breaks, Defendants failed to compensate Plaintiffs for the full extent of their actual overtime hours worked in one or more weeks during the three (3) year statute of limitations period relating back to July 2012 as a result of Defendants making deductions for these purported meal breaks despite Plaintiffs not actually taking bona fide meal breaks each and every day.

17. In addition to the named Plaintiffs, the persons who may become Plaintiffs in this action are NIELSEN's current and former non-exempt Field Trainers who have worked in excess of Forty (40) hours during one or more work weeks for Defendants at any location nationwide on or after July 2012 and who did not receive proper overtime pay for all actual overtime hours within such workweeks as a result of Defendants' policy and/or

practice of: (a) deducting the (i) first thirty (30) minutes and (ii) last thirty (30) minutes of Plaintiffs' daily drive times despite them carrying out duties for Defendants throughout these time periods; and (b) failing to compensate Plaintiffs for work performed for Defendants before the first and/or after the last customer visit of each day, including work frequently performed at Plaintiffs' homes, and/or during purported meal break periods.

18. Like the named Plaintiffs, the other similarly situated worked as Field Trainers for Defendants across the United States and regularly began and/or ended their work days at their homes by performing ministerial administrative and other tasks for Defendants that were an essential part of their employment as Field Trainers each day before and after working in the field for Defendants at customers' homes. However, on a continuing and basis between July 2012 and approximately February 2014, Defendants regularly deducted up to sixty (60) minutes, combined, per day from the actual hours worked of Field Trainers nationwide for the first and last drive times of the day despite Field Trainers performing duties for Defendants that were compensable under the FLSA, as a result of which all similarly situated Field Trainers throughout the United States were paid for the full extent of their actual overtime hours worked for Defendants.

19. The complete records concerning the hours worked by and compensation actually paid by NIELSEN to Plaintiffs are in the possession and custody of Defendants.

## COUNT I
## RECOVERY OF OVERTIME COMPENSATION

20. Plaintiffs readopt and reallege the allegations contained in Paragraphs 1 through 19 above.

21. Named Plaintiffs and the other similarly situated Field Trainers employed by Defendants nationwide within the three (3) year statute of limitations period between

6

July 2012 and the present are entitled to be paid time and one-half wages under the FLSA for each hour worked in excess of Forty (40) hours per work week for NIELSEN.

22. NIELSEN knowingly and willfully failed to pay Named Plaintiffs and the other similarly situated Field Trainers nationwide time and one-half of their applicable regular rates of pay for all hours worked in excess of Forty (40) per week within the limitations period.

23. During the statute of limitations period between July 2012 and February 2014, Plaintiff CUELLO estimates—subject to discovery and the records in Defendants' possession—that he regularly worked an average of approximately Six (6.0) uncompensated overtime hours per week as a result of Defendants unlawfully (a) deducting the (i) first thirty (30) minutes and (ii) last thirty (30) minutes of his daily drive times; (b) failing to compensate Plaintiff for work performed for Defendants before the first and/or after the last customer visit of each day, including work frequently performed at Plaintiffs' homes; and (c) failing to compensate Plaintiff for work performed for Defendants during purported meal break periods.

24. During work weeks that he worked at least five (5) days per week for Defendants as a Field Trainer, Plaintiff CUELLO alleges that he worked uncompensated overtime hours for Defendants in numerous work weeks during the statute of limitations period between July 2012 and February 2014, the specific weeks which are believed, based upon and information to belief, to be reflected in NIELSEN's time system and compensation records.

25. During the uncompensated overtime hours Plaintiff CUELLO worked for Defendants between July 2012 and February 2014, Plaintiff CUELLO performed his regular and customary duties as a Field Trainer for Defendants.

26. Plaintiff CUELLO estimates that for each work week that he worked at least five (5) days per week for Defendants as a Field Trainer between July 2012 and February 2014, the average amount of uncompensated overtime wages he is owed by Defendants is approximately $235.80 per week (6.0 unpaid overtime hours per week) at an overtime rate of $39.30/hour).

27. During the statute of limitations period between July 2012 and August 2013, Plaintiff TUBIAK estimates—subject to discovery and the records in Defendants' possession—that he regularly worked an average of between five (5) and six (6) uncompensated overtime hours per week as a result of Defendants unlawfully (a) deducting the (i) first thirty (30) minutes and (ii) last thirty (30) minutes of his daily drive times; (b) failing to compensate Plaintiff for work performed for Defendants before the first and/or after the last customer visit of each day, including work frequently performed at Plaintiffs' homes; and (c) failing to compensate Plaintiff for work performed for Defendants during purported meal break periods.

28. During work weeks that he worked at least five (5) days per week for Defendants as a Field Trainer, Plaintiff TUBIAK alleges that he worked uncompensated overtime hours for Defendants in numerous work weeks during the statute of limitations period between July 2012 and August 2013, the specific weeks which are believed, based upon and information to belief, to be reflected in NIELSEN's time system and compensation records.

29. During the uncompensated overtime hours Plaintiff TUBIAK worked for Defendants between July 2012 and August 2013, Plaintiff TUBIAK performed his regular and customary duties as a Field Trainer for Defendants.

30. Plaintiff TUBIAK estimates that for each work week that he worked at least five (5) days per week for Defendants as a Field Trainer between July 2012 and August 2013, the average amount of uncompensated overtime wages he is owed by Defendants is approximately between $172.50 (5 unpaid overtime hours per week at an overtime rate of $34.50/hour) and $207.00 (6 unpaid overtime hours per week at an overtime rate of $34.50/hour).

31. By reason of the intentional, willful and unlawful acts of NIELSEN, Plaintiffs have suffered damages plus incurring costs and reasonable attorneys' fees.

32. Pursuant to 29 U.S.C. §216(b), an award of liquidated damages against Defendants is mandatory because NIELSEN failed to, *inter alia*, comply with the Fair Labor Standards Act's requirements to compensate Named Plaintiffs and the other similarly situated Field Trainers at time and one-half of their applicable regular rates for all hours which Defendants knew Plaintiffs actually worked in excess of Forty (40) hours per week.

33. Moreover, based upon information and belief, NIELSEN cannot establish a good faith basis to avoid the imposition of liquidated damages as a result of NIELSEN's reckless and/or willful violations of the FLSA.

34. The Named Plaintiffs have retained the undersigned counsel at Gardy & Notis, LLP and Keith M. Stern, P.A. to represent them and the other similarly-situated

current and former Field Trainers pursuant to 29 U.S.C. §216(b), and Plaintiffs are entitled to recover all reasonable attorneys' fees and costs incurred in this action from NIELSEN.

35.     The Named Plaintiffs' consents to join this action pursuant to the FLSA are attached as Exhibit A to this Complaint.

36.     Plaintiffs demand a jury trial.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiffs, SCOTT TUBIAK and EDWARD CUELLO, and those persons similarly situated to them who join this action, pray for the following relief:

A.      Designation of this action as a collective action and approval of the issuance of notice to Field Trainers employed by Defendants nationwide pursuant to 29 U.S.C. §216(b);

B.      An award of unpaid overtime wages, liquidated damages and pre-judgment interest to be paid by Defendants;

C.      Attorneys' fees and costs of action incurred herein, including expert fees, to be paid by Defendants; and

D.      Such other relief as this Court deems just and proper.

## DEMAND FOR TRIAL BY JURY

Plaintiffs demand a trial by jury on all questions of fact raised by the Complaint.

DATED:  July 1, 2015            **GARDY & NOTIS, LLP**

                                By: _s/Orin Kurtz_
                                Mark C. Gardy, Esq.
                                Orin Kurtz, Esq.
                                Tower 56
                                126 East 56th Street, 8th Floor
                                New York, New York 10022
                                Tel: (212) 905-0509

Fax: (212) 905-0508
mgardy@gardylaw.com
okurtz@gardylaw.com

**LAW OFFICE OF KEITH M. STERN, P.A.**
Keith M. Stern, Esq.
2300 Glades Road, Suite 360W
Boca Raton, Florida  33431
Telephone: (561) 299-3703
Facsimile: (561) 288-9031
employlaw@keithstern.com

*Attorneys for Plaintiffs and the Collective*